UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

JAMES VIERA,
    Plaintiff,

v.

BANK OF NEW YORK MELLON AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST 2005-86CB
MORTGAGE PASS-THROUGH CERFTIFICATES,
SERIES 2005-86CB, and
BAYVIEW LOAN SERVICING, LLC,
    Defendants.

CIVIL ACTION NO:
1:17-cv-00523-WES-PAS

_____

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS AND DISSOLVE

Defendants Bank of New York Mellon as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-86CB Mortgage Pass-Through Certificates, Series 2005-86CB[1] ("BNYM, as Trustee") and Bayview Loan Servicing, LLC ("Bayview") (collectively "Defendants")[2] move, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(4)-12(b)(6), and 4(m), for the dismissal of James Viera's ("Plaintiff") Complaint and dissolution of the Temporary Restraining Order, entered on November 13, 2017. Defendants submit this Memorandum of Law, Affidavit of Counsel, and Exhibit in support of their motion to dismiss.

---

[1] The correct name of this entity is The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-86CB, Mortgage Pass-Through Certificates, Series 2005-86CB.

[2] Defendants previously appeared in this matter for the exclusive purpose of responding to Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion").

1

## I. Relevant Facts and Statement of the Case.[3]

1. On December 8, 2005, Plaintiff executed a note in favor of Shamrock Financial Corporation ("Shamrock"), in the amount of $219,000.00 ("Note"). Complaint, Exhibit E.

2. On December 8, 2005, as security for the Note, Plaintiff mortgaged the Property to Mortgage Electronic Registration Systems, Inc., as nominee for Shamrock Financial Corporation ("Shamrock"). Complaint, ¶ 3. The public record reveals that the mortgage was recorded in the City of East Providence Land Evidence Records ("Registry"), at Book 2590, Page 057 ("Mortgage"). Complaint, Exhibit A.

3. The public record also reveals that on October 26, 2010, Plaintiff was granted a discharge in bankruptcy, under 11 U.S.C. § 727, and that Shamrock was listed as a creditor. In re Viera, No. BK 10-13192-ANV (Chapter 7) (Bankr. D.R.I.) (ECF Nos. 19, 13).

4. The public record further reveals that on August 5, 2011, an assignment of the Mortgage to The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-86CB, Mortgage Pass-Through Certificates, Series 2005-86CB ("BONY"), was recorded in the Registry, at Book 3276, Page 86.

5. Plaintiff admits he has defaulted under the Mortgage. Complaint, ¶ 5.

---

[3] All facts drawn from the Complaint and/or the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction are assumed true solely for the purpose of arguing the instant motion to dismiss.

6. On August 3 2017, pursuant to ¶ 22 of the Mortgage, A Notice of Default and Intent to Accelerate ("Default Notice") was mailed to Plaintiff via First Class Mail and Certified Mail, Return Receipt Requested. Complaint, ¶ 13 and Exhibit B.

7. Plaintiff acknowledges receipt of the Default Notice. Complaint, ¶ 13.

8. On November 12, 2017, Plaintiff filed the Complaint and Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion").

9. A foreclosure sale was scheduled for November 13, 2017. Complaint, ¶ 6.

10. On November 13, 2017, this Court granted Plaintiff's request for a Temporary Restraining Order to enjoin foreclosure of the mortgage encumbering the real property located at 15 Cedar Avenue, East Providence, Rhode Island ("Property").

11. Since November 13, 2017, Plaintiff has not filed any Returns or Affidavits of Service for any of the defendants.

12. On or about April 3, 2018, BNYM, as Trustee received a copy of the Complaint. Attachment 1. The copy of the Complaint sent to BNYM, as Trustee ends at ¶ 66; however, the filed Complaint contains 101 paragraphs. Attached to the copy of the complaint sent to BNYM, as Trustee and the Complaint filed with this Court were Exhibit A – Mortgage, Exhibit B – Default Notice, Exhibit C – Mortgage Statement, dated October 16, 2017, Exhibit D – Letter dated October 5, 2017, Exhibit D [sic] - Letter dated October 5, 2017, Exhibit E – Note, and Exhibit F – purported printout from FDIC.[4]

13. There is no confirmation of service upon Bayview.

---

[4] The names assigned to the exhibits are for identification purposes only and do not constitute any admission as to the substance or veracity of the documents.

## II. Standard of Review.

It is well-settled that to survive a motion to dismiss filed in the federal court pursuant to Fed. R.Civ. P. 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court must accept Plaintiff's allegations as true and construe them in the light most favorable to Plaintiff. See Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). However, the Court need not credit bald assertions or unverifiable conclusions. The Court takes "the complaint's well-pled (i.e., nonconclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor and see if they plausibly narrate a claim for relief." Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (internal citations omitted). "If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." SEC v. Tambone, 597 F.3d 436, 442 (2010) (*citing* Twombly, 550 U.S. at 555). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (*citing* Twombly, 550 U.S. at 556). As stated in Twombly, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555.

Matters outside the pleadings may be presented to and considered by the Court in ruling upon a Rule 12 motion to dismiss. In re Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 8 n.2 (1st Cir. 1999) (in deciding 12(b)(6) motion to dismiss, court may refer to

4

matters of public record); See Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001) ("documents the authenticity of which are not disputed by the parties," "official public records," "documents central to plaintiffs' claim," or "documents sufficiently referred to in the complaint" may be considered in connection with a motion to dismiss without converting such motion into a summary judgment motion). See also, Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993). "When the complaint relies upon a document, whose authenticity is not challenged, such a document "merges into the pleadings" and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." Alt. Energy, Inc., supra.[5]

Moreover, in analyzing Counts IV and V[6], this Court should consider the pending motion as a challenge to subject matter jurisdiction based on lack of standing, which may be raised at any time under Fed. R. Civ. P. 12(b)(1). Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547; Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see Fed. R. Civ. P. 12(h)(3). In considering whether to dismiss a complaint for lack of standing, this court must "accept as true all well-pleaded factual averments in the plaintiff's complaint and indulge all reasonable inferences therefrom in his favor." Katz v. Pershing, LLC, 672 F.3d 64, 70 (1st Cir. 2012) (internal quotations omitted). Plaintiff has the burden to plead facts to demonstrate standing; the plausibility standard under Rule 12(b)(6) applies to standing determinations at the pleadings stage. Hochendoner v. Genzyme Corp., 823 F.3d 724, 730 (1st Cir. 2016). This court may consider exhibits and other documents outside the pleadings on a Rule 12(b)(1) motion. Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002).

---

[5] Defendants request that the Court take judicial notice of the Assignment and relevant bankruptcy docket entries. The aforementioned documents are all part of the public record.

[6] The Complaint contains two Count IVs. For clarity, Defendants refer herein to the second Count IV as Count V.

### III. Argument.

#### a. Plaintiffs Have Not Effected Service Upon Bayview.

The Complaint was filed on November 12, 2017. As of April 24, 2018, Plaintiff has not filed any Returns or Affidavits of Service for any of the defendants. While BNYM, as Trustee received a copy of the Complaint, on or about April 3, 2018[7], there is no confirmation of service upon Bayview. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service should be accomplished within a period of ninety (90) days after filing the Complaint. Since more than ninety (90) days have transpired between the filing of the Complaint and this motion, the Court "must dismiss the instant action [as to Bayview] without prejudice…or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Accordingly, Bayview requests the Complaint be dismissed.

#### b. Count I – Breach of Contract.

Plaintiff's breach of contract claim is wholly based on his contention he did not receive a notice compliant with Paragraph 22 of the Mortgage (*i.e.*, the Default Notice), or an acceleration letter. His claim is without merit and should be dismissed.

Plaintiff did receive a valid Default Notice. The Default Notice was mailed, via certified and first class mail, to Plaintiff at the Property. Complaint, ¶ 13 and Exhibit B. The Default Notice is central to Plaintiff's breach of contract claim and was filed with the Complaint. Therefore, the Default Notice should be considered in connection with this motion to dismiss. Alt. Energy, Inc., *supra*.

---

[7] To the extent BNYM, as Trustee was served an incomplete Complaint, see Attachment 1, Defendants state Counts IV and V should be dismissed for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Furthermore, to the extent the Complaint refers to a party other than BNYM, as Trustee, BNYM, as Trustee reserves its rights to raise defenses of insufficient process and insufficient service of process. Id.

The Default Notice contained each statement required by Paragraph 22 of the Mortgage. Paragraph 22 sets forth the required terms for a valid default notice. It is clear on its face that the Default Notice contains each required term, as demonstrated in the following table:

| Paragraph 22 of the Mortgage Requires the notice shall specify: | Default Notice Reads: |
|---|---|
| (a) the default; | "This letter is formal notice…that you are in default…for failure to pay the amounts due." "As of the date of this notice, the total amount required to cure the default is $148,858.78." |
| (b) the action required to cure the default; | "The default above can be cured by payment of the total amount plus any additional payments and fees that become due by 09/07/2017." |
| (c) a date, not less than 30 days from the date the notice was given to Borrower, by which default must be cured; and | "This letter is a formal demand to pay $148,858.78. If the default, together with additional payments that subsequently become due, is not cured by 09/07/2017, BLS will take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the property." |
| (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. | The letter is titled "Notice of Default and Intent to Accelerate." Also, "This letter is a formal demand to pay $148,858.78. If the default, together with additional payments that subsequently become due, is not cured by 09/07/2017, BLS will take steps to terminate your ownership in the property by a foreclosure proceeding or other action to seize the property." Finally, "Failure to cure the default on or before this date may result in acceleration of the sums secured by the Security Instrument and sale of the property." |

| | |
|---|---|
| The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. | "You have the right to reinstate the loan after acceleration, and to bring a court action to assert the non-existence of a default or any other defense of borrower to acceleration and sale." |

Clearly, the Default Notice contains each of the required terms of Paragraph 22 of the Mortgage.

Moreover, Plaintiff's argument that the Default Notice was a preliminary notice and not an actual acceleration notice is wholly without merit. The Default Notice is clear on its face that it is a Notice of Default and Intent to Accelerate. Furthermore, Paragraph 22 of the Mortgage does not require that multiple notices be provided to Plaintiff. Paragraph 22 of the Mortgage states, in relevant part: "If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand…." [Emphasis supplied.] Thus, no subsequent or secondary acceleration notice was required to foreclose. Since the Default Notice complied with the contractual provision set forth in the Mortgage there is no basis for Plaintiff's breach of contract claim. Accordingly, Count I of the Complaint should be dismissed as to BNYM, as Trustee and Bayview.[8]

### c. Count II –Violation of the Covenant of Good Faith and Fair Dealing.

As shown above, Plaintiff cannot state a claim for breach of contract. For the same reasons that Plaintiff cannot sustain the breach of contract claim, he fails to state a claim for "violation of the covenant of good faith and [sic] dealing." In fact, the claim for breach of the implied covenant of good faith and fair dealing cannot stand on its own since there is no

---

[8] This Count should also be dismissed as to Bayview for failure to effect service on Bayview. See § III(a), *supra*.

viable claim for breach of contract. T.G. Plastics Trading Co. Inc. v. Toray Plastics (Am.), Inc., 958 F. Supp. 2d 315, 326 (D.R.I. 2013). Accordingly, Count II of the Complaint should be dismissed.

It is well recognized in Rhode Island that almost every contract contains an implied covenant of good faith and fair dealing. Dovenmuehle Mortg., Inc. v. Antonelli, 790 A.2d 1113, 1115 (2002). "The applicable standard in determining whether the implied covenant of good faith and fair dealing has been breached is 'whether or not the actions in question are free from arbitrary or unreasonable conduct.'" Gillette of Kingston, Inc. v. Bank Rhode Island, 2006 WL 1314259, *5 (WC 05-0616, Rubine, J.) (*quoting* Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F.Supp.2d 317, 329 (D.R.I. 1999)). There exists "consistent recognition in commercial and banking jurisprudence that '[g]ood faith between contracting parties requires the party vested with contractual discretion to exercise it reasonably, and [it] may not do so arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties.'" Gillette of Kingston, Inc. v. Bank Rhode Island, 2006 WL 1314259, *6 (*quoting* Carrico v. Delp, 141 Ill.App.3d 684, 690, 490 N.E.2d 972, 976 (1986)). In this case, Defendants acted consistent with the terms of the Mortgage.

Plaintiff admits he defaulted on his obligations under the Mortgage. Complaint, ¶ 5. The default caused Defendants to mail a Default Notice, pursuant to ¶ 22 of the Mortgage. Complaint, ¶ 6 and Exhibit B. The Default Notice complied with the requirements of ¶ 22, and no subsequent or secondary acceleration notice was required, by the terms of the Mortgage or by statute, to foreclose. Therefore, Defendants did not act arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties when

the statutory power of sale was exercised in furtherance of foreclosure. Accordingly, Plaintiff cannot state a claim for "violation of the covenant of good faith and [sic] dealing," and Count II should be dismissed as to BNYM, as Trustee and Bayview.[9]

### d. Count III –Injunctive Relief.

Plaintiff's injunctive relief count sought to enjoin the foreclosure of the Mortgage scheduled for November 13, 2017. Defendants, pursuant to Fed. R. Civ. P. 10(c), adopt and incorporate herein their Opposition to the Motion for Temporary Restraining Order and Preliminary Injunction, which is filed in the instant action. The foreclosure sale was enjoined by order of this Court. The injunctive relief count is now moot since the relief Plaintiff sought was already granted by this Court. Moreover, as shown in §§ III(a)-(c) and III(e)-(f), Plaintiff has no valid claims necessitating injunctive relief. Accordingly, Count III should be dismissed as to BNYM, as Trustee and Bayview.[10]

### e. Count IV –Violation of the Rhode Island Fair Debt Collection Practices Act.

Count IV is plead against Bayview only. Bayview has not been served the Complaint. For the reasons stated in § III(a), *supra*, this count should be dismissed.

In Count IV, Plaintiff alleges Bayview violated the Rhode Island Fair Debt Collection Practices Act ("RIFDCPA"). Specifically, he alleges false representations involving misstatements of amounts secured by the mortgage and the authority to exercise the statutory

---

[9] This Count should also be dismissed as to Bayview for failure to effect service on Bayview. See § III(a), *supra*.

[10] This Count should also be dismissed as to Bayview for failure to effect service on Bayview. See § III(a), *supra*.

{00412313.DOC}

power of sale contained in the Mortgage. Complaint, ¶¶ 67-79. His claim is without merit and should be dismissed on this ground as well.

Plaintiff avers that the alleged false representations stem from "the reasons as alleged…in this complaint." Complaint, ¶¶ 72. The "reasons" alleged in the Complaint were that Plaintiff never received a valid default notice or an acceleration notice. For the reasons stated in III(b) and III(c), *supra*, a valid default notice was sent, and no subsequent or secondary notice was required to foreclose. Therefore, no "reasons" exist to support Plaintiff's alleged RIFDCPA claim. To the extent Plaintiff alleges improper charges to his mortgage account, he fails to elucidate whether those fees and expenses currently appear on the mortgage account.[11] Nor does Plaintiff show any concrete or particularized injury since he nowhere suggests he ever paid the alleged charges. Therefore, the vagueness of Count IV makes it impossible to ascertain the charges in issue such that an appropriate defense can be mounted. When a complaint is too vague to afford "fair notice of what the claim is and the grounds on which it rests," it must be dismissed. Iqbal, 556 U.S. at 678. Accordingly, Count IV should be dismissed as to Bayview.

[continued on following page]

---

[11] Moreover, with the exception of an alleged charge, dated November 15, 2016, the alleged charges, enumerated in ¶¶ 74-75, are barred by the applicable statute of limitations. An action to enforce any liability created by the provisions of the RIFDCPA must be brought within one year from the date on which the violation occurs. R.I.G.L. § 19-14.9-13. Here, all the alleged charges, excepting one unexplained alleged charge, occurred more than a year prior to the filing of the Complaint. Therefore, all but one of the alleged charges are statutorily barred.

**f. Count V –Complaint for Damages for Violations of the Truth in Lending Act by Bank of New York Mellon as Trustee's Failure to Send the Plaintiff a Monthly Mortgage Statement Each Month Pursuant to the Provisions of 12 C.F.R. 1026.41 and 15 U.S.C. 1638.[12]**

Plaintiff's violation of the Truth in Lending Act ("TILA") claim is wholly based on his contention that since November 13, 2017, he has not been sent monthly statements, as required by 15 U.S.C. 1638, and in compliance with 12 C.F.R. 1026.41 ("Monthly Statements"). Complaint, ¶¶ 86 and 90. His claim is without merit and should be dismissed.

Plaintiff has plead no actual, imminent, concrete and particularized injury-in-fact. This deficit requires dismissal because Plaintiff's Complaint fails to establish Article III standing. Spokeo, 136 S. Ct. at 1549-50. Specifically, the Complaint, on its face, states that "Plaintiff has not been sent a monthly statement in compliance with 12 C.F.R. 1026.41 since November 13, 2017." Complaint, ¶ 90.[13] Since the Complaint was filed on November 12, 2017, the allegations of Monthly Statements not received after that date are purely speculative and do not constitute any actual harm.

Even if Plaintiff made a typographical error, the law is clear that periodic statements are not required for a discharged loan. See 12 C.F.R. § 1026.41(e)(5) (servicer exempt from requirements if "consumer on the mortgage loan...has discharged personal liability for the mortgage loan pursuant to 11 U.S.C. 727"); In re McConnie Navarro, 563 B.R. 127, 146 (Bankr. D.P.R. 2017) ("The periodic statement is not required for any portion of the mortgage debt that is discharged under applicable provisions of the U.S. Bankruptcy Code."). Since the underlying mortgage loan was discharged in October 2010, no duty existed to send

---

[12] This Count is numbered Count IV in the Complaint.
[13] See also, Complaint at § 95 ("Each monthly statement since November 13, 2017….") and Complaint at § 96 ("Bayview also included in each of the periodic monthly statements since November 15, 2017….").

monthly statements thereafter. Moreover, even if a duty existed, allegations of technical violations of TILA absent allegations of concrete or particularized injuries must be dismissed. Pemental v. Bank of New York Mellon, 2017 WL 3279015 *7 (D.R.I. Sullivan, M.J.) (adopted by Pemental v. Bank of New York Mellon, 2017 WL 3278872 (D.R.I. Smith, C.J.). Here the only articulated damages are related to the bringing of the instant suit. Complaint, ¶ 101. Since no plausible injury-in-fact[14] is alleged as an actual injury, it is clear that Plaintiff's TILA claims are barred by Spokeo. Pemental, 2017 WL 3279015 *8. Therefore, the count should be dismissed as to BNYM, as Trustee and Bayview.[15]

[continued on following page]

---

[14] Other than the attorneys' fees and costs allegedly incurred prosecuting the TILA claim.

[15] This Count should also be dismissed as to Bayview for failure to effect service on Bayview See § III(a), *supra*.

## IV. Conclusion.

For the aforementioned reasons, Defendants request that this Court dismiss Plaintiff's Complaint with prejudice and without costs and dissolve the Temporary Restraining Order, entered on November 13, 2017.[16] Defendants further requests this Court grant such other relief as is just and proper.

**Defendants request a hearing on their motion to dismiss.**

Respectfully submitted,

Dated: April 24, 2018

BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-86CB MORTGAGE PASS-THROUGH CERFTIFICATES, SERIES 2005-86CB and
BAYVIEW LOAN SERVICING, LLC

By its Attorney,

/s/ Amy Magher
Amy Magher, Esq. – Bar No. 9241
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel. 617-227-5660
amagher@masatlaw.com

---

[16] Defendants request that this Honorable Court treat this Motion as one to dismiss and not for summary judgment. In the event this Court elects to treat this Motion as one for summary judgment, Defendants request an opportunity to further brief this Court regarding the matters contained herein and supplement its arguments with additional exhibits and affidavits to support such arguments.

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 24, 2018.

      /s/ Amy Magher