UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

JAMES VIERA,
    Plaintiff,

v.

BANK OF NEW YORK MELLON AS TRUSTEE
FOR THE CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST 2005-86CB
MORTGAGE PASS-THROUGH CERFTIFICATES,
SERIES 2005-86CB, and
BAYVIEW LOAN SERVICING, LLC,
    Defendants.

_____

CIVIL ACTION NO:
1:17-cv-00523-WES-PAS

## DEFENDANT BAYVIEW'S SUPPLEMENT TO
## MOTION TO DISMISS REGARDING SERVICE

Defendant Bayview Loan Servicing, LLC ("Bayview") states as follows:

1. On or about April 3, 2018, Bank of New York Mellon as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-86CB Mortgage Pass-Through Certificates, Series 2005-86CB ("BNYM, as Trustee") received an incomplete copy of the Complaint. Dckt. No. 8, Att. 1, ¶ 12.

2. On April 24, 2018, Bayview and BNYM, as Trustee, filed a motion to dismiss the action and dissolve a temporary restraining order ("Motion"). Dckt. No. 8. That Motion stated that there was no confirmation of service of a summons and the Complaint upon Bayview. Dckt. No. 8, Att. 1, ¶ 13 and § III(a).

3. On April 24, 2018, Plaintiff filed a proof of service of a summons on Bayview.[1] Dckt. No. 9. Upon review of this document, Bayview ascertained that a summons had been delivered to its Rhode Island Resident Agent, on or about March 14, 2018. However, nothing has changed as to the legal arguments advanced in the Motion by Bayview and BNYM, as Trustee.

4. Under Rule 4(m) of the Federal Rules of Civil Procedure, service should have been accomplished within ninety (90) days after filing the Complaint. This was not done. Similarly, LR Cv 5.1 requires that "proof of service of a summons must be filed with the Court within fourteen (14) days after service is made." This also was not done.

5. Accordingly, even though Bayview's Rhode Island Resident Agent appears to have been delivered a summons and the Complaint, under F.R.C.P. 4(m), 12(b)(4)-(5), and LR Cv 5.1, Bayview still has valid grounds for arguing the instant case should be dismissed on improper service grounds.[2]

[signature block on following page]

---

[1] Plaintiff has not filed a proof of service of a summons on BNYM, as Trustee.

[2] BNYM, as Trustee adopts and advances this argument also.

Respectfully submitted,

Dated: May 15, 2018

BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-86CB MORTGAGE PASS-THROUGH CERFTIFICATES, SERIES 2005-86CB and
BAYVIEW LOAN SERVICING, LLC

By its Attorney,

/s/ Amy Magher
Amy Magher, Esq. – Bar No. 9241
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel. 617-227-5660
amagher@masatlaw.com

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 15, 2018.

/s/ Amy Magher