IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - -X

JAMES VIERA, Plaintiff, : 17-CV-00523-WES-PAS

-against- : United States Courthouse, Providence, Rhode Island

BAYVIEW LOAN SERVICING, LLC, et al., Defendants. : Monday, November 13, 2017, 11:00 a.m.

- - - - - - - - - - - - - - - - -X

TRANSCRIPT OF CIVIL CAUSE FOR A TRO HEARING
BEFORE THE HONORABLE JOHN J. MCCONNELL, JR.
UNITED STATES DISTRICT COURT JUDGE

A P P E A R A N C E S:

For the Plaintiff: JOHN B. ENNIS, ESQ.
1200 Reservoir Avenue
Cranston, Rhode Island 02920
BY: JOHN B. ENNIS, ESQ.

For the Defendants: MICHIENZIE & SAWIN, LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
BY: AMY MAGHER, ESQ.

Court Reporter: Lisa Schwam, CRR, RPR, RMR
Official Court Reporter

Proceedings recorded by computerized stenography. Transcript produced by Computer-Aided Transcription.

(In-chambers telephone conference)

THE COURT: Good morning, folks.

MR. ENNIS: Good morning, Judge.

MS. MAGHER: Good morning, your Honor.

THE COURT: We're on the record so why don't counsel identify themselves, please.

MR. ENNIS: John Ennis representing the plaintiff.

MS. MAGHER: Good morning, your Honor. Amy Magher representing Bayview Loan Servicing and Bank of New York Mellon. I should let your Honor know, I also have two colleagues in my office with me. We had a flurry of documents come in this morning and I was in the car. I didn't know whether we'd be in Rhode Island or not. They have kindly helped me prepare for this.

THE COURT: Well, thank you to all of you. And thank you particularly for those that scurried around this morning to allow this hearing to take place.

I think I just told you that we are on the record. This is Judge Smith's case. Judge Smith is out sitting with the Ninth Circuit in California this week so the Clerk's Office asked me to handle it in his absence because I understand that a foreclosure has been scheduled for 2 o'clock today.

I've had a brief chance to review the complaint

and, John, my take is that the crux of the complaint is a failure to comply with paragraph 22 of the mortgage notice requirements?

MR. ENNIS: Yes, Judge. We believe that the default notice was not proper, and it's undisputed that no acceleration notice was ever sent. And based upon the October 16th, 2017, monthly statement, the loan has not been accelerated. We believe, based upon the mortgage and the note, there has to be an acceleration before you exercise statutory power of sale.

THE COURT: Amy.

MS. MAGHER: Your Honor, we disagree that there is no argument that there was a notice of acceleration sent. If your Honor takes a look at Exhibit B of plaintiff's filing, there's a notice of default and intent to accelerate. And that letter contained every element required of paragraph 22 of the mortgage, every single element required of paragraph 22 of the mortgage, which has been submitted as Plaintiff's Exhibit A, your Honor.

THE COURT: John, have you matched up the Exhibit B, which is ECF2-2 that Amy suggested that I look at, against the paragraph 22 notice requirement?

MR. ENNIS: Yes, your Honor. It doesn't state that the failure to cure may result in acceleration of

the debt. It specifically states that if the default is not cured, BLS will take steps to terminate the ownership of the property. They do talk about the right to bring a court action, but they do not -- they add items that are not required and are not specifically authorized. For example, they say unless you notify us within 30 days that you dispute the validity of this debt, we will assume the debt is valid. And they indicated that they --

THE COURT: John, let me stop you for a second. What is it that -- well, two questions. What is it that would disallow the mortgagee from including additional information in there? I mean, I don't remember anything in any mortgage document that would exclude their ability to say something else. That's question one.

And question two is, you know, so what that they said that's what they're going to assume. I mean, you know, if they're right to assume that according to the law, so be it, but don't they have every right to assume whatever they want?

MR. ENNIS: No, they do, but by adding certain things stating that it will be -- they will take action is different than they may take action.

THE COURT: Hold on for a second, John. Wait a

minute. I just want to deal with each one while I'm thinking of it because we're doing this somewhat on the fly.

Isn't "may take action" subsumed in "will take action"? In other words, it's not the opposite where they're supposed to say they will and they say may. If they say will and what they're supposed to say is may, isn't that inclusive of it in terms of the purpose of the notice requirement?

MR. ENNIS: No, because then the "may" indicates there has to be a subsequent communication indicating what the -- not just the arrearages. There's no dispute that they listed an arrearage amount. They said it had to be -- twice they said it had to be cured by 9-7-17. Now, I cited the Supreme Court case in Rhode Island that identified the term "by" as synonymous with "on" or "before," and I think the *HEDCO* cases in Rhode Island talk about specific dates.

MS. MAGHER: Your honor, can I just jump in for just a second?

THE COURT: Sure.

MS. MAGHER: I apologize as your Honor wanted to take these issue by issue. I think it's relevant to point out to your Honor that the letter states verbatim what's required in paragraph 22, again stating failure

to cure the default on or before this date may result in acceleration of the funds secured by the security instrument.

THE COURT: Okay.

MS. MAGHER: That's at the top of page 2 of the actual Exhibit B, but as to the electronic filing, it's actually page 3 of 4.

THE COURT: Got it. Thanks.

MR. ENNIS: And the "may" language comes in because the "may," when you read the notice, indicates that something else is needed because you're allowed to reinstate within five days after acceleration. There has been no acceleration in here, Judge. There is no documentation that indicates it's been accelerated.

THE COURT: Hold on one second, John.

Amy, where is the acceleration?

MS. MAGHER: There's no requirement, your Honor, that they send any subsequent separate acceleration notice as counsel is suggesting that they have to. Very specifically in paragraph 22, which is part of Exhibit A -- I'm sorry, I'm trying to find it.

I'm sorry, your Honor. If you'd just give me one moment, please.

THE COURT: Sure. I'm reading from paragraph 22 which, for the record, is at ECF2-1 at page 12 of the

filings. And it says, "Lender shall give notice to borrower prior to acceleration." And it looks like that's what the Exhibit B notice does. It tells the borrower that the bank intends to accelerate.

What requires them to actually accelerate prior to the foreclosure and does that have notice requirements?

MR. ENNIS: It does, Judge. If you look at paragraph 10 of the note, it talks about the security instrument describes how and what -- under what conditions I may be required to make immediate payment in full of all amounts I owe under this note. Some of those conditions may be described as follows. And later on they state, "If lender exercises this option, lender shall give borrower notice of acceleration."

MS. MAGHER: No, Judge, that's not required. In fact, your Honor, it says -- page 12 of 15, the third line from the bottom, "If the default" -- sorry, it starts actually at the fourth line from the bottom.

THE COURT: Folks, hold on. I don't -- where is the note?

MR. ENNIS: The note, I believe, is Exhibit F.

MS. MAGHER: This is in the mortgage, your Honor, not the note.

MR. ENNIS: Well, I'm reading the note

references uniform secured note.

THE COURT: Okay. John, before we get to Amy's point, tell me where you're reading from in the note.

MR. ENNIS: Paragraph 10.

THE COURT: Okay. This note at Exhibit F of --

MR. ENNIS: My complaint.

THE COURT: -- is only one page of the complaint.

Okay. Got it.

MR. ENNIS: Do you have that?

THE COURT: I don't have it, but why don't you talk me through it and then I'll see if I need to get a copy. I only have the motion and the attachments.

MR. ENNIS: Okay. The affidavit contained, I think it was, Exhibit F. I'm reading from uniform secured note. That security instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this note. Some of these conditions are described as follows. And then that third paragraph states, "If lender exercises this option, lender shall give borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date this notice is given in accordance with Section 15 within which borrower must pay all sums secured by the

security instrument. If borrower fails to pay these sums prior to the expiration of a period, lender may invoke any remedies permitted by the security instrument without further notice or demand to borrower."

THE COURT: Okay. Amy, where do you get acceleration?

MS. MAGHER: That -- first of all, let's deal with counsel's issue. That paragraph that he's referring to refers to the paragraph above which is if any or all or part of the property are sold or transferred. That's not the circumstance at issue here.

What we're dealing with here --

THE COURT: Okay. Well, my question to you, Amy, was where did the mortgagee accelerate? My understanding of the scenario is that an intent to accelerate has to be given and then an acceleration has to take place which then also kicks in a certain time period.

Where is the acceleration in this?

MS. MAGHER: With respect to the Court, that is not what is required to foreclose under a security instrument. There is a -- paragraph 22 doesn't require that, and there's no statutory requirement for a second

acceleration notice.

THE COURT: Well, but there's no acceleration notice here. There's an intent to accelerate. I can't imagine that it would require someone to tell them that they intend to accelerate but then not tell them that they have accelerated.

MS. MAGHER: In fact, that is correct, your Honor. If you'll look at Exhibit A of the mortgage on page 12 of 15, ending at the fourth line from the bottom reads as follows: "If the default is not cured on or before the date specified in the notice, lender at its option may require immediate payment in full of all sums secured by this security instrument without further demand and may invoke the statutory power of sale."

MR. ENNIS: The further demand relates to the note in the arrearage portion. On paragraph 19 of the mortgage it talks about borrower's right to reinstate after acceleration. And it talks about if borrower meets certain conditions, borrower shall have the right to have enforcement of this security instrument, which is foreclosure, discontinued at any time prior to the earliest of, five days before the sale. And then it goes down to -- and it talks about after acceleration. But the conditions are borrower pays lender all sums

which then would be due under the security instrument and the note as if no acceleration had occurred.

So it appears that it's an essential portion of the process that you have a default notice that you have 30 days to cure. And after that an acceleration notice gets sent which declares the entire loan payable in full. And you have a right after the acceleration, if you get it all cured, it gives you even more time. For example, at the end of paragraph 19 it states, "Upon reinstatement by borrower, the security instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred."

That is in the mortgage. So it would seem essential as an acceleration. The most recent statement that the client has received indicates that no acceleration has been done.

MS. MAGHER: That's not accurate at all. Because they have the right to reinstate, they get a notice of sale so they are aware that the foreclosure is happening. They can reinstate at any time up through the time of sale.

MR. ENNIS: There is no document indicating that the loan has been accelerated.

MS. MAGHER: It isn't required by paragraph 22 or Rhode Island law.

THE COURT: Amy, we can only have one speaking at a time because the court reporter is having difficulties.

MS. MAGHER: Sorry. I apologize, your Honor.

THE COURT: Go ahead.

MS. MAGHER: Who, me?

THE COURT: Sure.

MS. MAGHER: Sorry. There is not any further notification required; paragraph 22 makes that quite clear. Every element required in paragraph 22 is contained within the notice of default and intent to accelerate. The borrower has until the date specified in the notice to cure the default. If they don't, they may, the lender may, accelerate without further notice. That's what paragraph 22 says.

Then the mortgagor gets notice of sale, and they have the right to reinstate at any time prior to the sale. Then, continued statement, they have to provide those because, as your Honor well knows, the amount that is due under the secured instruments are -- it changes day to day, especially this time of year. There are taxes to be paid, there's interest that accrues and other types of fees.

THE COURT: John, did you want to say something finally?

MR. ENNIS: Well, once again, the statement does not indicate that the loan has been accelerated. That was done after the notices were sent. It's dated October 16th. It's Exhibit C.

The loan has not been accelerated, and there is no document indicating that it's been accelerated. They may accelerate it. Paragraph 22 says prior to acceleration which implicitly, if not explicitly, suggests that you have to have an acceleration. There is no document here that indicates the amount that is totally due.

THE COURT: So let me stop everyone and tell you where we are. I'm going to grant the temporary restraining order. I think all of the elements needed for an injunction are present. On the issue which we've been discussing for the last 10 or 15 minutes about likelihood of success, while my review of the material is very cursory just because of the timing of this, the foreclosure that's about to take place in a couple hours and we just got this this morning, but from my past experience with a docket of 1200 mortgage cases, my understanding was that a notice that acceleration of the mortgage was required. At least paragraph 19 of the mortgage appears to require that the mortgagor receive notice of that acceleration in

order to be able to effectuate their rights to reinstate after acceleration.

It doesn't appear that there's been any notice of acceleration to the mortgagee in this case. And, therefore, it may not be ripe for foreclosure. And irreparable harm I believe would come to the plaintiff in this matter should a foreclosure be allowed to take place and in effect a standstill will not enure to anyone's great prejudice conditioning the equities of the case.

So I'm going to grant the TRO and send this case back to Judge Smith.

MR. ENNIS: Thank you, Judge.

THE COURT: Thanks, folks.

MS. MAGHER: Thank you, your Honor.

(Time noted: 11:18 a.m.)

(Proceedings adjourned)

**CERTIFICATION**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

Lisa Schwam

Official Court Reporter May 16, 2018