UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____

JAMES VIERA,
     Plaintiff,

v.

BANK OF NEW YORK MELLON AS TRUSTEE          CIVIL ACTION NO:
FOR THE CERTIFICATEHOLDERS OF CWALT,     1:17-cv-00523-WES-PAS
INC., ALTERNATIVE LOAN TRUST 2005-86CB
MORTGAGE PASS-THROUGH CERFTIFICATES,
SERIES 2005-86CB, and
BAYVIEW LOAN SERVICING, LLC,
     Defendants.

_____

## REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND DISSOLVE

Defendants Bank of New York Mellon as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-86CB Mortgage Pass-Through Certificates, Series 2005-86CB[1] ("BNYM, as Trustee") and Bayview Loan Servicing, LLC ("Bayview") (collectively "Defendants") submit this REPLY in support of their Fed. R. Civ. P. 12(b)(1), 12(b)(4)-12(b)(6), and 4(m) motion for the dismissal of James Viera's ("Plaintiff") Complaint and dissolution of the Temporary Restraining Order, entered on November 13, 2017 ("Dismissal Motion & Memo").

---

[1] The correct name of this entity is The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-86CB, Mortgage Pass-Through Certificates, Series 2005-86CB.

1

## I. **Adoption by Reference.**

Pursuant to Fed. R. Civ. P. 10(c), Defendants hereby adopt and incorporate herein by reference the Relevant Facts[2] and Statement of the Case, Standard of Review, and Argument sections set forth in their Dismissal Motion & Memo.

## II. **Argument.**

### a. **Plaintiff's Service is Defective.**

As previously stated, Plaintiff has been dilettante in his observation of the service rules. Plaintiff did not serve the complete Complaint on BNYM, as Trustee. Plaintiff failed to timely serve the Complaint on Bayview. Accordingly, this Court has discretion to dismiss the Complaint on procedural grounds. As outlined in the Dismissal Motion & Memo, the Complaint deserves dismissal, with prejudice, on substantive grounds, as well.

### b. **The Law of the Case Doctrine is Not Applicable.**

Plaintiff's reliance on the law of the case doctrine is wholly misplaced. Interlocutory orders do not constitute law of the case. Negron-Almeda v. Santiago, 579 F.3d 45, 51 (1st Cir. 2009) (quoting Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 42 (1st Cir. 1994)). The order, entered in this case, granting the temporary restraining order is the definition of an interlocutory order.[3] See id. (an order that does not dispose of the rights and liabilities of all the parties is not a final judgment); see also Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Almeda County, 415 U.S. 423, 436 (1974) ("…interlocutory orders entered by the state court to protect various rights of the

---

[2] All facts drawn from the Complaint and/or the Emergency Motion for a Temporary Restraining Order and Preliminary Injunction are assumed true solely for the purpose of arguing the instant motion to dismiss.

[3] Moreover, Judge McConnell made it abundantly clear that his review of the case was limited and necessarily hurried. He stated that his review was "cursory" due to "the foreclosure that's about to take place in a couple hours and we just got this this morning." TRO Transcript filed by Plaintiff in the instant case.

2

parties will not lapse upon removal. Thus attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court."). Accordingly, the law of the case doctrine is not applicable here since the temporary restraining order is an interlocutory order.

### c. **Plaintiff's Rhode Island Fair Debt Collection Practices Act and Truth in Lending Act Claims Should be Dismissed.**

Plaintiff's opposition appears to conflate his Rhode Island Fair Debt Collection Practices Act ("RIFDCPA") and Truth in Lending Act ("TILA") claims. Defendants address each claim separately, to the extent the arguments regarding the two claims can be extricated from one another. First, Plaintiff advances no new arguments regarding his RIFDCPA claim. Accordingly, Defendants stand on their previously filed papers. Second, on the TILA claim it appears Plaintiff seeks to advance the same arguments this Court deemed "too vague to squarely frame the issue" in the Pemental case. Pemental v. Bank of New York Mellon, 2017 WL 3279015 *7 (D.R.I. 2017) (Sullivan, M.J.) (adopted by Pemental v. Bank of New York Mellon, 2017 WL 3278872 (D.R.I. 2017) (Smith, C.J.). Plaintiff also argues that an amendment of Regulation Z changes the landscape, but he fails to provide any showing that the amendment is relevant to the instant case.[4] In fact, per an executive summary published by the Consumer Financial Protection Bureau, on April 26, 2018, provisions of Regulation Z were amended regarding when a creditor may use a Closing Disclosure to reset tolerances under the TILA-RESPA Rule. Exhibit A. Using a Closing Disclosure to reset tolerances under the TILA-RESPA Rule is not at issue in this case. Therefore, Plaintiff still fails to advance a colorable TILA claim.

---

[4] Moreover, Plaintiff concedes that the amendment would be applicable only from April 19, 2018 onwards.

{00415599.DOC}

Also, Defendants object to Plaintiff's request for leave to amend the Complaint to "replead" his Fair Debt Collection Practices Act ("FDCPA"), RIFDCPA, and TILA claims. As an initial matter, Plaintiff never plead a FDCPA claim, and should not be allowed to do so nearly seven months after he filed the Complaint and more than two months after Defendants filed their motion to dismiss. Nor should Plaintiff be granted permission to amend his RIFDCPA and TILA claims where he has consistently delayed this case.[5] Indeed, grounds to deny leave to amend include undue delay, bad faith or dilatory motive. Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 538 (1st Cir. 2011). The First Circuit has held that the longer a plaintiff delays, the more likely a motion to amend will be denied since protracted delay burdens the parties and the court and constitutes reason for the court to withhold permission to amend. See id.

Furthermore, amendment would be futile. Plaintiff avers that the alleged RIFDCPA violations stem from "the reasons as alleged…in [his] complaint." Complaint, ¶¶ 72. The "reasons" alleged in the Complaint were that Plaintiff never received a valid default notice or an acceleration notice. For the reasons stated in the Dismissal Motion & Memo, a valid default notice was sent, and no subsequent or secondary notice was required to foreclose. Therefore, no "reasons" exist to support Plaintiff's alleged RIFDCPA claim. Likewise, Plaintiff has advanced no new arguments establishing Article III standing for his TILA claim. Therefore, no "reasons" exist to support Plaintiff's alleged TILA claim. Accordingly, amendment of the RIFDCPA and TILA claims would be futile and should not be allowed.

---

[5] Plaintiff sought an injunction of a foreclosure sale on the date of the scheduled sale. Plaintiff waited more than 90-days to attempt service on either defendant. Plaintiff requested multiple extensions to respond to Defendants' motion to dismiss. Plaintiff has taken no outward steps to advance the case.

{00415599.DOC}

**III. Conclusion.**

For the aforementioned reasons and the reasons stated in the Dismissal Motion & Memo, Defendants request that this Court dismiss Plaintiff's Complaint with prejudice and without costs and dissolve the Temporary Restraining Order, entered on November 13, 2017.[6] Defendants further requests this Court grant such other relief as is just and proper.

**Defendants request a hearing on their motion to dismiss.**

Respectfully submitted,

Dated: July 9, 2018

BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2005-86CB MORTGAGE PASS-THROUGH CERFTIFICATES, SERIES 2005-86CB and
BAYVIEW LOAN SERVICING, LLC

By its Attorney,

/s/ Amy Magher
Amy Magher, Esq. – Bar No. 9241
Michienzie & Sawin LLC
745 Boylston Street, 5th Floor
Boston, Massachusetts 02116
Tel. 617-227-5660
amagher@masatlaw.com

---

[6] Defendants request that this Honorable Court treat this Motion as one to dismiss and not for summary judgment. In the event this Court elects to treat this Motion as one for summary judgment, Defendants request an opportunity to further brief this Court regarding the matters contained herein and supplement its arguments with additional exhibits and affidavits to support such arguments.

{00415599.DOC}

## CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 9, 2018.

 /s/ Amy Magher

{00415599.DOC}