# EXHIBIT A



Consumer Financial
Protection Bureau

1700 G Street NW, Washington, DC 20552

April 26, 2018

# Executive Summary of the 2018 TILA-RESPA Rule

On April 26, 2018, the Bureau of Consumer Financial Protection issued a final rule (2018 TILA-RESPA Rule) amending certain provisions in Regulation Z regarding when a creditor may use a Closing Disclosure to reset tolerances under the TILA-RESPA Rule.[1] The 2018 TILA-RESPA Rule is effective 30 days after its publication in the *Federal Register*.

This executive summary provides an overview of the 2018 TILA-RESPA Rule. However, it is not a substitute for reviewing the 2018 TILA-RESPA Rule, which is the definitive source regarding its requirements.

## Background Information

The TILA-RESPA Rule requires creditors to provide consumers with a Loan Estimate that discloses good faith estimates of key loan terms and closing costs for certain residential mortgage loans. Generally, an estimated closing cost is disclosed in good faith if the charge paid by or imposed on the consumer does not exceed the amount originally disclosed on the Loan Estimate. However, certain closing costs are disclosed in good faith if the charge paid by or imposed on the consumer is within a "tolerance" specified in the TILA-RESPA Rule. For example, recording fees and certain other third-party charges are subject to an aggregate 10% tolerance (*i.e.*, the total

---

[1] The 2013 TILA-RESPA Final Rule published at 78 FR 79730 (Dec. 31, 2013) and subsequent amendments to that final rule are referred to collectively in this document as the TILA-RESPA Rule.

amount paid by or imposed on the consumer for charges within this category cannot exceed the total of the amounts disclosed on the Loan Estimate by more than 10%).

If there is a changed circumstance or another triggering event listed in 12 CFR 1026.19(e)(3)(iv), a creditor may be able to use a revised estimate, instead of the estimate originally disclosed on the Loan Estimate, to determine whether an estimated closing cost was disclosed in good faith. The use of a revised estimate to determine good faith is sometimes referred to as "resetting tolerances." If a creditor uses a revised estimate to reset tolerances, the creditor must provide the revised estimate within three business days of receiving information sufficient to establish that the changed circumstance or other triggering event has occurred.

## 2018 TILA-RESPA Rule and the Use of Closing Disclosures to Reset Tolerances

Currently, a creditor may only use a Closing Disclosure to reset tolerances if there are fewer than four business days between the time the creditor is required to provide the Closing Disclosure reflecting the revised estimate and consummation. The 2018 TILA-RESPA Rule removes this four-business day limit on a creditor's ability to reset tolerances with a Closing Disclosure. Thus, if a changed circumstance or another triggering event has occurred, the 2018 TILA-RESPA Rule permits a creditor to reset tolerances with either an initial or corrected Closing Disclosure regardless of the number of days between consummation and the date the Closing Disclosure reflecting the revised estimate is required to be provided to the consumer. The creditor must provide the consumer with the Closing Disclosure reflecting the revised estimate at or before consummation and within three business days of receiving information sufficient to establish that the changed circumstance or other triggering event has occurred. Additionally, the consumer must still receive an initial Closing Disclosure at least three business days prior to consummation. A new three-day waiting period is only required for a corrected Closing Disclosure if the APR becomes inaccurate, a prepayment penalty is added, or the loan product changes from the loan product previously disclosed.